UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| LINDA SINGLETARY | ) | Civil Action |
|     Plaintiff | ) | No.: |
| | ) | |
| versus | ) | Section |
| | ) | Judge |
| THE PRUDENTIAL INSURANCE COMPANY | ) | |
| OF AMERICA, THE UNITED PARCEL | ) | Division |
| SERVICE FLEXIBLE BENEFITS PLAN, AND | ) | Magistrate Judge |
| UNITED PARCEL SERVICE, INC. | ) | |
|     Defendants | ) | |

# COMPLAINT

NOW INTO COURT, through undersigned counsel, comes Plaintiff, Linda Singletary, who for her Complaint respectfully avers:

**Introduction**

1.

This is a claim by Plaintiff, Linda Singletary, for dependent group life insurance benefits due under the terms of an employee welfare benefit plan governed by the Employee Retirement Income Security Act, 29 U.S.C. § 1001, *et seq.* ("ERISA"). Mrs. Singletary also brings claims under the Uniformed Services Employment and Reemployment Rights Act of 1994, 38 U.S.C. §§ 4301, *et seq.*, and the Louisiana Military Service Relief Act, La. Rev. Stat. Ann. §§ 29:401, *et seq.*, for the illegal denial of group life insurance benefits solely because of Mrs. Singletary's husband's service in the United States military.

1

**The Parties**

2.

Plaintiff, Linda Singletary, is a person of the full age of majority and resident of the Parish of Jefferson, State of Louisiana.

3.

Defendant, The United Parcel Service Flexible Benefits Plan ("the Plan"), is an employee welfare benefit plan organized and existing pursuant to the terms and conditions of ERISA. The Plan provides group insurance coverage and other benefits to eligible and qualified employees of Defendant, United Parcel Service, Inc., and to qualified employee dependents, including group life insurance benefits.

4.

Defendant, The Prudential Insurance Company of America ("Prudential"), is a foreign insurer with its principal place of business in the State of New Jersey. Prudential provided group life insurance coverage for the Plan issued to United Parcel Service, Inc., under Group Policy No. G-76536-GA. Upon information and belief, Prudential also acted as the administrator and/or claims administrator for group life insurance benefits and coverage under the Plan.

5.

Defendant, United Parcel Service, Inc. ("UPS"), is a foreign corporation with its principal place of business in the state of Georgia. At all material times herein, Mrs. Singletary was employed as a part-time, non-union employee of UPS.

**Jurisdiction and Venue**

6.

This Court has jurisdiction pursuant to 28 U.S.C. §1331, 28 U.S.C. § 1332, 29 U.S.C. § 1132(e)(1) and (f), and 38 U.S.C. § 4323(b)(3). Venue is proper in this District because Defendants transact their affairs and may be found in this District, and their improper conduct as alleged in this Complaint took place in this District. 29 U.S.C. § 1132(e)(2) and 38 U.S.C. § 4323(c)(2). Venue is also appropriate pursuant to 28 U.S.C. § 98(a).

**Background**

7.

At all material times herein, Plaintiff, Linda Singletary, was employed as a part-time, non-union employee of UPS. Mrs. Singletary was a participant in the Plan and covered and insured under the Plan.

8.

Mrs. Singletary's spouse, Timothy Singletary, was also covered and insured under the Plan for group life insurance benefits in the amount of $2,000.00 (Basic Dependent Life Benefits) and $500,000.00 (Optional Dependent Life Benefits) as a qualified dependent of Mrs. Singletary.

9.

On October 21, 2012, Timothy Singletary was operating a 2003 Honda motorcycle on State Highway 195 in Killeen, Texas, when he was involved in a collision with another vehicle. As a result of the impact, Mr. Singletary was thrown from his motorcycle and came to rest in a lane of traffic. Subsequently, a vehicle drove over Mr. Singletary and he became lodged underneath the vehicle until it was able to come to a stop further down the highway. As a result

3

of the injuries that he sustained in the collision, Mr. Singletary was transported to a nearby hospital by ambulance, where he was pronounced deceased.

10.

As a result of Mr. Singletary's death, Mrs. Singletary submitted a claim to Prudential for life insurance benefits under the Plan.  On December 4, 2012, Prudential denied Mrs. Singletary's claim on the purported grounds that Mr. Singletary was not a qualified dependent because he was on "active duty" in the armed forces at the time of his death.

11.

Although Mr. Singletary was a member of the United States Army at the time of his death, he was stationed stateside and was "off duty" at the time of the collision.  The circumstances surrounding his motor vehicle accident and death were wholly unrelated to any military activities or duties.

12.

On February 6, 2013, Mrs. Singletary duly appealed Prudential's adverse benefits determination on the grounds that Mr. Singletary was a qualified dependent at the time of his death because he was not on-duty at the time of his death.  Mrs. Singletary also appealed Prudential's denial on the grounds that it was illegal and constituted discrimination against a serviceman.  On May 6, 2013, Prudential upheld their original decision and denied Mrs. Singletary's appeal.  On October 29, 2013, Mrs. Singletary appealed the Prudential's decision a second time, and on November 20, 2013, Prudential (again) denied her appeal.

13.

Mrs. Singletary has exhausted all non-futile administrative remedies available under the terms of the Plan and ERISA.

## COUNT I

### Recovery of Group Life Insurance Benefits

14.

Mrs. Singletary submitted substantial evidence establishing that although Mr. Singletary was a member of the armed services of the United States at the time of his death, he was stationed stateside and was "off duty" at the time of his death. Mr. Singletary, as a result, was a qualified dependent of Mrs. Singletary under the terms and conditions of the Plan. Mrs. Singletary, accordingly, is entitled to an award of all basic and optional group life insurance benefits due as a result of the death of her spouse under the terms of the Plan. 29 U.S.C. § 1132(a)(1)(B).

## COUNT II

### Violation of the Uniformed Services Employment and Reemployment Rights Act of 1994

15.

By denying Mrs. Singletary equal access and coverage for life insurance benefits under the terms of the Plan solely because of her husband's purported active duty status in the armed forces at the time of his death, UPS is in violation of the Uniformed Services Employment and Reemployment Rights Act of 1994 ("USERRA"), 38 U.S.C. §§ 4301, *et seq.*

16.

The USERRA was enacted to prohibit discrimination by employers against persons because of their service in the uniformed services. 38 U.S.C. § 4301(a)(3). The USERRA expressly supersedes all other laws or plan provisions that purport to reduce, limit, or eliminate any right or covered benefit provided by an employee benefit plan strictly due to a person's military service. 38 U.S.C. §§ 4302(b) & 4303(2).

17.

The USERRA prohibits discrimination against persons who have served in the uniformed services, and prohibits the discriminatory treatment and denial of benefits to any employee solely because of a person's uniformed service status.  38 U.S.C. § 4311.

18.

Here, UPS treated Mrs. Singletary differently than all other employees and took adverse action against her solely because of her husband's status in the armed services at the time of his death, and as such, Mrs. Singletary was denied illegally a "benefit of employment" solely because of her husband's military status. 38 U.S.C. § 4311.  UPS's actions were prohibited under the USERRA because the motivating factor in denying Mrs. Singletary an equal "benefit of employment" was Mr. Singletary's membership in the United States Army.  38 U.S.C. § 4311(b) and (c)(2).

19.

UPS, accordingly, was in violation of the USERRA, and as a result, Mrs. Singletary is entitled to an award of all basic and optional dependent group life insurance benefits under the Plan, plus an amount equal to that award as liquidated damages, and attorney's fees. 38 U.S.C. § 4323(d).

## COUNT III

### Violation of Louisiana Military Service Relief Act

20.

The Louisiana Military Service Relief Act ("LMSRA") was enacted for the express purpose of preventing discrimination or other economic disadvantages to veterans and their families solely because of their uniformed services in the United States military.  La. Rev. Stat.

Ann. § 29:402. The LMSRA was "intended to be supplemental to" all rights provided under the USERRA, and "shall be liberally construed for the benefit of those called to serve their country in the armed forces." *Id.*

21.

The LMSRA applies expressly to "any group life insurance . . . plan provided by any private or public employer in this state," and prohibits the unlawful discrimination in the coverage, terms, conditions and exclusions in any group life insurance plan solely because of a person's uniformed service. La. Rev. Stat. Ann. § 29:407(A).

22.

Concurrent with the LMSRA, Louisiana law authorizes very limited circumstances wherein a group life insurance policy may limit or exclude coverage because of a person's military status. *Cf.* La. Rev. Stat. Ann. § 29:407(E). Louisiana Revised Statute § 22:931(B) provides that no life insurance policy shall contain any exclusion that restricts liability for death based solely on an insured's status in the military absent a causal connection between the insured's death and war.

23.

Although Mr. Singletary was a member of the armed services of the United States, at the time of his death he was stationed stateside and was killed in a motorcycle accident while off duty under circumstances that had no causal connection with any war, or for that matter, his military service or duties. As such, the terms of the Plan are illegal and in violation of the LMSRA and La. Rev. Stat. § 22:931 because they purport to exclude coverage for Mr. Singletary's death solely because of his status as a member of the armed services at the time of his death.

24.

Mrs. Singletary, accordingly, is entitled to an award of all basic and optional dependent life insurance benefits under the Plan, plus an amount equal to that award as liquidated damages and attorney's fees, and attorney's fees.  La. Rev. Stat. Ann. §§ 29:422(A) & 423; 38 U.S.C. § 4323(d).

WHEREFORE, Plaintiff, Linda Singletary, respectfully prays that her Complaint be deemed good and sufficient, and that Defendants, The Prudential Insurance Company of America, the United Parcel Service Flexible Benefits Plan, and United Parcel Service, Inc., be duly summoned and served with a copy of this Complaint, and that they be made to appear and answer same within the delays allowed by law, and that after all due and legal proceedings are had herein, for the reasons set forth herein, that there be Judgment entered in favor of Plaintiff, Linda Singletary, and against the Defendants, jointly, severally and *in solido*, for all benefits, liquidated damages, penalties, attorney's fees, costs, interest, and for all general and equitable relief.

Respectfully submitted:

   /s/ Joseph S. Piacun
JOSEPH S. PIACUN, T.A. (25211)
THOMAS A. GENNUSA, II (6010)
REID S. UZEE (31345)
Gennusa, Piacun & Ruli
4405 North I-10 Service Road, Suite 200
Metairie, Louisiana  70006-6564
Telephone: (504) 455-0442
Facsimile: (504) 455-7565
Email: jpiacun@gprlawyers.com
**Attorneys for Plaintiff,
Linda Singletary**